# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ERNEST WASHINGTON (#178602), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00850 |
| | ) | Senior Judge Haynes |
| CARLTON DETHROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Ernest Washington, an inmate at the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Carlton Dethrow, a unit manager and John Michalak, a program director for violations of his constitutional rights under 42 U.S.C. § 1983.

According to his complaint, Plaintiff's efforts to join a religious-based jail program called the Jericho Program were resisted by the Defendants, in retaliation for his prior inmate grievances. Specifically, Plaintiff alleges that Michalak told him that he could not join the Jericho Program without approval from Dethrow. Plaintiff alleges that Michalak also told him that to enroll in the program, Plaintiff would have to stop writing grievances, and that additional grievances about not being allowed into the program would only make things worse for him. Plaintiff alleges that Dethrow refused to approve him for the Jericho Program on the basis that he was not "a good fit for the program." Plaintiff alleges that Dethrow's decision was motivated by the Plaintiff's filing of grievances. Plaintiff further alleges that "I was move [sic] to the Jericho Program against DeathRow [sic] wishes by the warden over road [sic] him!!!"

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and

1915A; 42 U.S.C. § 1997e©, the PLRA, the Court must assess whether a prisoner-plaintiff's complaint against government entities or officials, 28 U.S.C. § 1915A fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been

willing to abrogate basic pleading essentials in *pro se* suits.").

Plaintiff's claims are that Defendants violated his right to practice his religion and retaliated against him for filing grievance in violation of his First and Fourteenth Amendment rights.

Plaintiff's claims arise under Section 1983 and to state a § 1983 claim, Plaintiff must allege plausible facts of a deprivation of rights secured by the Constitution and laws of the United States, "caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Inmates retain their First Amendment right to access the courts and petition for redress of grievances without being retaliated against for doing so. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a violation of this right, a prisoner must prove three elements: (1) he engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the prisoner's protected conduct. *Id.* at 394.

Plaintiff has alleged with attached documents that he has filed numerous grievances, a protected activity. Plaintiff's allegation that Defendants' initial rejection of his request to join the Jericho Program was motivated by his protected activity is plausible. Yet, Plaintiff concedes that the warden granted him placement in the program. Plaintiff has not ceased his protected activity and has not been excluded from the Jericho Program. In a word, Plaintiff has not suffered any adverse action nor any injury in violation of his constitutional rights.

For the reasons set forth herein, the Court concludes that Plaintiff fails to state a claim for

which relief can be granted.

Finally, the Plaintiff's complaint certifies under penalty of perjury that he has filed only one previous federal or state action, and lists *Washington v. Dethrow*, M.D. Tenn. No. 3:15-00689. (Docket Entry No. 1, at 1–2 and 10.) In fact, Plaintiff has filed at least eight previous actions in this Court alone, in addition to the one action he acknowledges. *See Washington v. Wardlow*, M.D. Tenn. No. 3:06-cv-934; *Washington v. Robertson County Jail*, M.D. Tenn. No. 3:07-cv-1083; *Washington v. CCA*, M.D. Tenn. No. 1:13-cv-113; *Washington v. Foster*, M.D. Tenn. No. 3:13-cv-1371; *Washington v. Rice*, M.D. Tenn. No. 3:14-cv-1143; *Washington v. Abernathy*, M.D. Tenn. No. 3:14-cv-1336; *Washington v. Hindsley*, M.D. Tenn. No. 3:14-cv-1465; *Washington v. Stewart*, M.D. Tenn. No. 3:10-1011. Two of those actions were dismissed as frivolous or for failure to state a claim. *Washington v. Robertson County Jail*, No. 3:07-cv-1083 (M.D. Tenn. Order dismissing as frivolous, Docket Entry No. 3); *Washington v. Stewart*, No. 3:10-cv-1011 (M.D. Tenn. Order dismissing for failure to state a claim, Docket Entry No. 4.) Accordingly, the dismissal of this action shall constitute Plaintiff's third "strike" for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order is filed herewith.

ENTERED this the 31st day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge